The only question upon which I entertained any doubt upon the argument, was whether the minutes of Judge Sandford, taken upon a former trial of the action, of what John B. Scott swore to, were not improperly excluded.
Scott had been examined as a witness for the plaintiff on the former trial, and had been again examined by the plaintiff upon the trial in question, and on that occasion gave evidence in relation to his former testimony, and the object of introducing Judge Sandford's minutes was to impeach Scott, by showing a discrepancy *Page 341 
in his evidence on the two occasions. Admitting the question to stand upon the principle of proving the testimony of a deceased witness, which may well be doubted, I think the decision excepted to at the trial was right. Judge S. testified that he presided at the former trial; that Scott was sworn as a witness; that he took notes of the testimony on the trial; that he could not recollect what Scott testified to except as he referred to his minutes, which he then had with him and were pretty full, but he would not say that they contained the testimony of Scott accurately; that he may have omitted things which he testified to. In Clark v.Vorce, (15 Wend. 193,) the rule was extended quite far enough. In that case, the witness called to prove the testimony of the deceased witness (one Haight) given on a former trial of the cause, testified that he acted as counsel on the former trial, and took very full and particular minutes of Haight's testimony; that he intended at the time to take down the words of Haight, but could not pretend to give his precise words: that he could not swear to Haight's testimony except from his minutes, and could not testify that he had taken down every word of his testimony, but intended at the time to take down all he regarded material.
That is very different from this case. Judge Sandford says he cannot swear that his minutes contained the testimony of Scott accurately, and that he may have omitted things that he testified to. He does not say he believes his minutes are correct, nor that he intended to take down the words of the witness.
No case, I believe, has gone the length of receiving such evidence of the testimony of a deceased witness, and the rule ought not to be relaxed in a case where the individual whose evidence on the former occasion is sought to be proved is living.
I think the judgment of the superior court should be affirmed.
All the judges concurred in the foregoing opinions.
Judgment affirmed. *Page 342